IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

Calvin Alphonse Lee #152056 )
Full name and prison number )
of plaintiff(s) )
 )
v. )   CIVIL ACTION NO. 2:08CV18-WKW
 )   (To be supplied by Clerk of
AL.D.O.C. Warden LeVan Thomas, LT )   U.S. District Court)
Janet Hicks, SGT. Nathan Parrish )
Prison HealTHcare Services, And Correctional )
Medical Services, Supervisory Employess of )
Staton Medical Unit And Kilby Medical )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

RECEIVED
2008 JAN -8 A 9 17

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES (  )  NO ( ✓ )

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES ( ✓ )  NO (  )

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) Calvin Alphonse Lee #152056

            Defendant(s) AL.D.O.C. Paul Whatley ET AL

            AL.D.O.C. Vivian Langford ET. AL

        2.  Court (if federal court, name the district; if
            state court, name the county) 2 Civil Actions In Middle
            District, 1 State Court Montgomery County

3. Docket number _Civil Action No. 2:07-CV-973 MEF_ Middle District
   _Civil Action No. 2:07-CV-89-MHT_
   _Montgomery County CV 2009 001911.00_

4. Name of judge to whom case was assigned _Both civil_
   _Magistrate Judge Charles S. Coody, State Court unknown_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _Cases_
   _Still pending_

6. Approximate date of filing lawsuit _12-05-07_, _01-07_, _12-27-07_

7. Approximate date of disposition ____

II. PLACE OF PRESENT CONFINEMENT _Draper Correctional Center, P.O. Box 1107, Elmore AL 36025_

   PLACE OF INSTITUTION WHERE INCIDENT OCCURRED _Frank Lee Work-Release P.O. Box 220410, Deatsville, AL 36022_

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

   NAME                          ADDRESS
   1. _Warden Levan Thomas_      _P.O.B. 220410, Deatsville, AL 36022_
   2. _Lt. Janet Hicks_          _P.O.B. 220410, Deatsville, AL 36022_
   3. _Sgt. Nathan Parrish_      _P.O.B. 220410, Deatsville, AL 36022_
   4. _Dept. Head_
   5. _Medical Staff, Correctional Medical Ser. Staton Medical Unit_
   6. _Medical Staff, Correctional Medical Ser. Kilby Corr. Fac. P.O. Box 150 Mt. Meigs AL 36057_

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _11-16-07 thru 11-29-07_

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

   GROUND ONE: _Violation of Equal Protection Clause by the the Defendants Allowing other Inmates to go unpunished but singled me out. Wrote Inmate Rico Gibson #243851 and Brandon Williams #234998 Disciplinaries but never prosecuted these two inmates_

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

See Attachments

GROUND TWO: See attachments

SUPPORTING FACTS: See attachments

GROUND THREE: See attachments

SUPPORTING FACTS: See attachments

3

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Award Exemplary or Punitive Damages, take Corrective action against the Defendants, Warning them that the intentional and persistent violation of an Offender's Rights, is justification for removal from office or employment of any Correctional worker.

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on  01-06-07  .
              (Date)

_____ Pro Se
Signature of plaintiff(s)

(STATE BRIEFLY THE FACTS SURROUNDING THE INCIDENT) (STATE as best you can the time, place, and manner and person involved.)

(1)

On November 16, 2007 at Frank Lee Work-Release, an allegation of Inciting to Riot. From and AL.D.O.C. Anonymous employee and Inmate informants. Warden Levan Thomas, alleged that he had spoken with a staff member. Whom had stated that, the plaintiff was inciting to riot. After discussing the matter with the plaintiff, and the arresting officer Lt. Janet Hicks. Who had informed the warden, that she knew nothing of the incident. That was reported to him, even though she was the security officer, for the institution. Warden Thomas decided that he would insist that the plaintiff not cause anymore alleged disturbances. At his institution. The Plaintiff replied, that, no disturbance was created by him. Stateing that he the plaintiff was guilty of only free expression and association. Plaintiff made it clear, that he only wanted to speak with the warden. That particular day, to address an important grievance of Cruel and Unusual Punishment. Rendered upon the plaintiff for no apparent reason. And it was a danger to the plaintiff health. [Description of the violation of plaintiff Rights] On November 16, 2007 at about 6:00am the plaintiff was preforming. His assigned institutional Job description, called Recycle. Which consist of keeping the trash cans and the disposal area, for the garbage. Clean and neat, which is done by washing down the cans with soap and water. On this particular day Friday November 16th 2007, The weather temperature outside. Was well below 30 degrees, and the wind chill factor made it feel as if it was in the early 20 twenties. The plaintiff got completely wet, preforming his assigned task. Upon completion the plaintiff returned back to his sleeping area. Complaining to fellow workers of the woren water hose, that had numerous leaks in it. Plaintiff located himself in an area in the dorm, as to where he could, get warm. After about 15 minutes or so, Lt. Janet Hicks 1st shift Security officer. Announced that she wanted everybody to exit the facility. So that the facility could be sweep and mopped. The plaintiff was hesitant to leave the building. Not wanting to become ill in the future, because the quantity of healthcare being provided inmates was poor. Plaintiff had anticipated that Lt. Hicks, knowing what his job description was, and the conditions the plaintiff had been,

(2)

Exposed to. Would have let the plaintiff stay inside, since the cleanup was only routine. This particular morning Lt. Hicks was reluctant to acknowledge the truth. And started to write down the names of individuals whom, were still inside the facility. Stating that she was going to take disciplinary action, against the inmates who names, she had taken down.

Once the plaintiff did exist the facility, The plaintiff started getting uncomfortable, from being wet and cold. Plaintiff expressed his certain treatment by saying out loud that he want to speak with the warden. Which is the normal procedure, which is to request of one of the staff officer's that you would like to speak with the warden. Other inmates that were still existing the facility started complaining. That the were denied sleep, and had to go to work shortly thereafter. As the inmate continued to exist the facility, the started shouting, they wanted to see the warden also. Other officer's were just arriving at work and they proceeded to the area. Sgt. Grays, Sgt. Nathen Parrish, Lt. Willis they asked the inmates, to stop the noise. Which they immediately did, then Sgt. Grays said she would. Tell the warden of the inmates request, so that he could address their issues. The warden wouldn't see any of the inmates except the plaintiff. Stating that he the warden didn't have to speak with 40 Niggers about anything's. And that he wasn't going to speak with anyone else. That the inmates were going to accept whatever, he and his staff did. Whether it violated their rights are not. And as far as he the warden was concerned, he didn't have time for inmates and their complaints. Inmate Carlton Cook #175301 can witness to this. Carlton Cook tried to speak with the warden, that day unsuccessfully. After speaking with Lt. Hicks about the plaintiff behavior at the institution. The warden informed the plaintiff, that he was not taking any actions against the plaintiff. But warned the plaintiff not to get involved in anymore incidents. Stating that if the plaintiff did he the warden would transfer the plaintiff. Plaintiff stated that he didn't make deals that he had no control over. Meaning that he wasn't God and couldn't predict anything. After that statement from the plaintiff the warden became furious. Stating that the plaintiff wasn't going where he thought he was going. But that he was going down the hill. Meaning that he was going to make it as hard for the plaintiff as he could. The warden accomplished that.

STATE BRIEFLY THE FACTUAL SUPPORT FOR THIS COMPLAINT. [Describe as best you can the time, place and manner and person involved.]

Case 2:08-cv-00018-WKW-CSC   Document 1   Filed 01/08/2008   Page 7 of 8

(3)

Later on November 19th 2007, the Plaintiff was called to the shift office by SGT. Tippins. And served a disciplinary for violation of Institutional Rule #53 Inciting to Riot. Which the plaintiff feels was done in violation of his Constitutional Rights. By the methods of conspiring and schemeing, and depriving the Plaintiff of his Civil Rights. This was done discriminatory and out of Animosity and wicked conduct. By the Correctional Administrative staff that Abuse the Authority entrusted upon them.

Warden Levan Thomas, LT. Janet Hicks, And SGT Nathan Parrish all Conspired and proceed to deprive the plaintiff of his Constitutional Rights, Violated the Civil Right Act and the Plaintiff Civil Rights also the Plaintiff Equal Protection Rights. This is not an Isolated incident, by these named defendants there is A Pattern of Practice by which they disguise and scheme to cover-up their bais behavior. And it is all done under Color of law.

Plaintiff Request To Amend To The Complaint at A Later Date.

Plaintiff has repeatedly request to be seen by a Medical Doctor since October 2007. For and illness of both Knees, that has worsen since October 2007. The Healthcare Provider's are in violation of the Plaintiff Equal Protection Rights and Eight Amendment Rights. By Refusing to Provide Adequate treatment. Also by discriminating against the plaintiff as to seeing the Doctor assigned to Staton Medical Unit. The Medical staff that has seen the plaintiff has failed to Adquately Screen And Diagnose the plaintiff severe condition of the Knees. They have only prescribed Tylenol and Motrin without any follow-up screening. And for some reason has avoided getting the plaintiff on the list to see the Doctor. Plaintiff believe it is in Retaliation for filing a previous 1983 Complaint. Against the previous Healthcare Provider. Prison Health Services.

Calvin A. Lee #152056, 2B11B
Draper Corr. Fac.
P.O. Box 1107
Elmore, AL 36025

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication"

02 1M
0004243890   JAN 07 2008
$00.58
MAILED FROM ZIPCODE 36025

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

**LEGAL USE ONLY**

36101+0711-11 B007