IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CALVIN ALPHONSE LEE, #152056, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | |
| LEVAN THOMAS, et al., | ) | 2:08-CV-018-WKW |
| | ) | |
| Defendants. | ) | |

MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT

Come now the named Alabama Department of Corrections Defendants, by and through the undersigned counsel, and pray this Honorable Court to reconsider its Order requiring a special report, or in the alternative, to require the Plaintiff to file a more definite statement concerning his allegation(s) as to medical treatment, and would show as follows:

1. That the Court has ordered that the Defendants file a special report on or before February 18, 2008 concerning the Plaintiff's allegations in the complaint filed on January 8, 2008.

2. That this Plaintiff has filed a complaint in state court alleging the same violations prior to filing the complaint in this Court, namely in the Circuit Court of Montgomery County, Alabama, CV-07-1911, filed on December 5, 2007. (Exhibit "A" attached). The Defendants have filed a response to that complaint and the Circuit Court

1

has set the matter for a hearing on March 10, 2008. (Exhibit "B" attached).

3. Although the Plaintiff has listed his place of address/confinement as the Draper Correctional Facility, the Plaintiff was in fact, released from ADOC custody on January 24, 2008. (Exhibit "C" attached). The contact address listed in the Inmate's file is c/o Linda Rodgers, 1461 Linewood Drive, Mobile, Alabama 36603.

4. That the Plaintiff's allegation of the denial of or inadequate medical treatment does not name or allege a violation by the named Defendants nor does the complaint specifically state what treatment was denied or inadequate, therefore making it virtually impossible for these Defendants to "provide an affidavit from a health care professional (i) which contains a detailed explanation of the treatment provided to the plaintiff, and (ii) interprets the information contained in the medical records relevant to the claims presented in the complaint.", as directed by this Honorable Court.

5. That the only other issue raised by the complaint is an alleged due process violation involving a disciplinary. The sanctions imposed in that disciplinary do not involve a liberty interest, as established by the Supreme Court in <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995) applies.  Also, see <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) and <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985).(See Exhibit "D" attached).

Wherefore the premises considered, the Defendants pray this Honorable Court to reconsider its Order requiring a special report, dismiss this action without prejudice, or in

the alternative, to require the Plaintiff to file a more definite statement concerning his allegation(s) as to medical treatment.

    Respectfully submitted,

    Kim T. Thomas
    General Counsel
    Deputy Attorney General


    /s/ Albert S. Butler
    Albert S. Butler (BUT016)
    Assistant General Counsel
    Assistant Attorney General

ADDRESS OF COUNSEL:
Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Calvin A. Lee
c/o Linda Rodgers
1461 Linewood Drive
Mobile, Alabama 36603

on this the 7th day of February, 2008.

    /s/Albert S. Butler-
    Assistant General Counsel
    Assistant Attorney General

IN THE DISTRICT COURT AND CIRCUIT COURT
OF MONTGOMERY COUNTY ALABAMA

IN RE:

CALVIN ALPHONSE LEE,
    Petitioner.

V.                         Case No. CV-07-1911

DEPARTMENT OF CORRECTIONS,
WARDEN THOMAS, LT. JANET HICK, ET. AL.
    Respondents.

*[Stamp: CIRCUIT COURT OF MONTGOMERY COUNTY, 2007 DEC -5 AM 11:19]*

## PETITION FOR WRIT OF MANDAMUS STATE AND FEDERAL WRITS

Comes Now, Petitioner, Calvin A. Lee, And filing in the above Named District Court and Circuit Court of Montgomery, ALABAMA.

1.) Petitioner Calvin A. Lee, petitions this Honorable Court to issue a Writ of Mandamus to ordering respondent(s) to Remove a Disciplinary Report or Disciplinary from his STATE of ALABAMA prison file/or record;

2.) Petitioner Calvin A. Lee is an Inmate at Kilby Correctional Facility, P.O. Box 150, Mt. Meigs, ALABAMA 36057. Warden John Cummins is the Warden who has custody of the Petitioner;

3.) Respondent(s) are holding an illegal Disciplinary Report or Disciplinary charge against Petitioner Calvin A. Lee. This charge claims that the Petitioner violated Rule #53 of the ALABAMA Department of Corrections Regulation #403 Inciting to Riot on November 16, 2007 at Frank Lee Work-Release Exercise yard Elmore County, ALABAMA

DEFENDANT'S EXHIBIT A

## ←STATEMENT OF THE CASE→

Petitioner Calvin A. Lee was serving a 13 year sentence at Frank Lee Work-Release, for Criminal Mischief 1st from Mobile County Alabama. Has been at Frank Lee Work-Release for 19 months, No disciplinaries or citations. Has been extremely cooperative and a Model Inmate.

## ←STATEMENT OF THE FACTS→

Calvin A. Lee is only guilty of requesting to see the Warden. In order to incite a Riot, there has to be and Arouse to Action, stir up or provoke or urge on, on purpose. A wild or turbulent disturbance, created by a large number of people. (Law) A violent disturbance of public peace, by three or more persons assembled for a common purpose. The Riot Act itself say's if 12 or more people unlawfully assemble and disturb the public peace. They must disperse upon proclamation or be guilty of a felony. None of the above occurred, the disciplinary report itself will state this. Lt. Hick's specifically states that she ordered the inmates to exist the building. Which they were doing. Inmate Calvin A. Lee was already in the yard. Lt. Hick's make's accusation as to witnesses but never names them. The Petitioner has a Right to face his Accuser's. Also the Warden and Lt. Hick's transferred the Petitioner to Another Institution, Two (2) day's after the supposedly incident to which the petitioner is charged which was exactly 76 hour's and 46 minute's after detaining the petitioner. The Petitioner has witnesses that the Warden and Lt. Hick's never questioned, but in her Lt. Hick's report she allege's to have several inmates who reported to her that, I the Petitioner was going from dorm to dorm demanding that they, go then to see the warden about her behavior

## STATEMENT OF FACTS (continue)

Petitioner Calvin A. Lee has (2) two witnesses in his behalf that the Warden or Lt. Hick's, will hear on the Petitioner behalf. (1) Carlton Cook W/175201 & Johnny Dobbins B/133351. The reason that the Warden and Lt. Hick's, transferred the Petitioner to Another Institution immediately before a hearing. Is so that the Petitioner, want have available witnesses. And also so that the, hearing body will only beleive what another Department of Corrections Employee say's. Other words it is a Discriminatory hearing against the petitioner. This is a pattern of practice by the Alabama D.O.C. Officer. They are right regardless it's policy that Inmate's, are never right. There is a Constant violation of Due Process Rights.

## RELIEF SOUGHT

Petitioner Calvin A. Lee is requesting that this Honorable Court to Grant this Writ of Mandamus, to issue the Writ of Mandamus, ordering the Respondent(s) to remove this Disciplinary Report or Disciplinary that he is being detained on in the petitioner's File/Record. There is no factual proof to show any authorities's or other in any Court of Law that will show that the petitioner, violated the Alabama Dept. of Corr., 403 Regulation's, specifically Rule #53. Inciting to Riot. Or any other offense, in any City, County, or State in this Country.

Petitioner, will be fully supporting his claim with his Evidentala Exhibits, when presented this Writ of Mandamus to this Court. (See enclosed Exhibits).

Petitioner Calvin A. Lee is requesting a right to amend his

## CONCLUSION

Petitioner Calvin A. Lee has been violated outside of the State and Federal Law without due process of law, and without probable cause. The Department of Corrections has allowed the Warden and Lieutenant, Warden Thomas and Lieutenant Janet Hick's to illegally place this Inciting to Riot charge in the petitioner's prison file record.

Therefore, the Petitioner having his 1st, 4th, 6th, 8th, 9th, 10th, 13th, and 14th, Amendments violated is requesting on this Writ of Mandamus, as required by law to issue a hearing as justice requires, and the end of justice. It's required to grant this Writ of Mandamus and remove the illegal disciplinary report and disciplinary for Inciting to Riot from the petitioner's prison file/record in the State of Alabama Department of Corrections. Also to restore what sanction's had been placed against the petitioner. Restore taken away right's or privileges such as Restrictions, Lost of Good time, Lose in custody.

THE ABOVE WRIT IS RESPECTfully SUBMITTED,

Calvin Lee

Calvin Alphonse Lee #152056, B58-A

Kilby Corr. Fac.

P.O. Box 150

Mt. Meig's, Alabama 36057

SWORN AND SUBSCRIBED BEFORE ME this the 26th Day of November

Perry O. Woods

My Commission Expires June 2, 2011

ELECTRONICALLY FILED
12/28/2007 10:38 AM
CV-2007-001911.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| LEE CALVIN A. AIS#152056 | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: CV-2007-001911.00 |
| | ) | |
| CORRECTIONS DEPT STATE OF ALABAMA | ) | |
| WARDEN THOMAS | ) | |
| HICKS JANET | ) | |
| Defendants | ) | |

### ORDER

THIS CASE HAVING COME BEFORE THE COURT ON PETITIONER'S REQUEST THAT FILING FEES BE WAIVED DUE TO HIS SUBSTANTIAL HARDSHIP STATUS, AND THE SAME HAVING BEEN CONSIDERED, IT IS ORDERED THAT PETITIONER IS GRANTED PERMISSION FOR FILLING OF THE PETITION IN THIS CAUSE WITHOUT IMMEDIATE PAYMENT OF A FILING FEE.
IT IS FURTHER ORDERED THAT PETITIONER IS REQUIRED TO PAY A FILING FEE IN THE AMOUNT OF $201.00 IN THIS CAUSE: AND THE ALABAMA DEPARTMENT OF CORRECTIONS IS DIRECTED TO WITHHOLD 50% OF EACH DOLLAR THE PETITIONER RECEIVES THROUGH HIS PRISONER'S MONEY ON DEPOSIT ACCOUNT AND DELIVER THE SAME TO THE CLERK OF THIS COURT WHEN THE FULL AMOUNT HAS BEEN COLLECTED.

IT IS FURTHER ORDERED THAT DEFENDANT(S) RESPOND TO THIS CASE WITH IN THIRTY (30) DAYS OF THIS ORDER.
THIS MATTER IS ORDERED SET FOR 9:00AM ON MARCH 10, 2008 IN COURTROOM 3C OF THE MONTGOMERY COUNTY COURTHOUSE.
DONE this 28th day of December, 2007

/s WILLIAM A. SHASHY

CIRCUIT JUDGE


DEFENDANT'S EXHIBIT B

```
                         DISPLAY TRANSFER/LEAVE DATE            ** PRODUCTION **
  06/FEB/2008       12:39:02      CDTLD      497     L-AL        CDTLD01     150
   A I S NUMBER : 00152056A    COMMITMENT NAME : LEE, CALVIN ALPHONSE
SEQ#    DATE     TYPE FRM-INST-DRM  TO-INST-DRM   RECPT-DT    PRLRVK-DT   REL-TYPE
042   01-24-2008   S    050-00       RELEASE     00-00-0000                  30
041   01-24-2008   T    004-00       050-00
040   12-19-2007   T    017-00       004-00
039   11-19-2007   T    012-00       017-00
038   08-09-2007   T    012-CT       012-00
037   07-20-2007   T    012-AC       012-CT
036   07-16-2007   T    012-00       012-AC
035   12-08-2006   T    012-DP       012-00
034   10-18-2006   T    012-00       012-DP
033   06-14-2006   T    023-00       012-00
032   06-14-2006   T    029-00       023-00
031   06-08-2006   T    027-00       029-00
030   05-12-2006   T    045-MH       027-00
029   03-06-2006   T    008-00       045-MH
028   11-10-2005   T    008-CT       008-00
027   10-27-2005   T    008-00       008-CT
026   06-23-2005   T    008-CT       008-00
025   03-10-2005   T    008-00       008-CT
024   01-24-2005   T    017-00       008-00
```

DEFENDANT'S EXHIBIT C

January 17, 2008

I, Leeposey Daniels, certify that the attached documents are true and correct copies taken from the institutional file of inmate Calvin Lee, 152056A.

Leeposey Daniels, Warden III
Draper Correctional Center

SWORN TO AND SUBSCRIBED before me this 17th day of January 2008.

Notary Public

My Commission Expires 8-20-2011


DEFENDANT'S EXHIBIT D

FLWRC 07-548

ALDOC Form 225B

# ALABAMA DEPARTMENT OF CORRECTIONS
# DISCIPLINARY REPORT

1. Inmate: **Calvin Lee**   Custody: **Minimum**   AIS: **BM/152056**

2. Facility: **FRANK LEE YOUTH CENTER**

3. The above named inmate is being charged by **Lt. Janet Hicks** with violation of rule number **53** specifically **Inciting to Riot** from regulation # **403** which occurred on or about **November 16, 2007** at (time) **6:50 a.m.** (am / pm), Location: **FLWRC – Exercise Yard**. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **After being ordered to report to the Exercise Yard, for the cleaning of the center, you, inmate Calvin Lee, BM/152056, were observed by an employee shouting, "We want to see the Warden, Lt. Hicks can't ship all of us," as a group of inmates surrounded you. Also several inmates have reported to Lt. Hicks that you were going from dorm to dorm, and that you were out on the yard trying to get any inmate who would listen to demand to see the Warden, in reference to Lt. Hicks.**

   Date: 11/19/07   Arresting Officer / Signature / Rank: Lt. Janet Hicks

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **19** day of **Nov**, 20**07** at (time) **12:46** (am/pm).

   Serving Officer / Signature / Rank   Inmate's Signature / AIS Number: Refused To Sign

6. Witnesses desired?   NO _____   YES __Calvin Lee__
   Inmate's Signature              Inmate's Signature

7. If yes, list: **Carlton Cook W/175201 & Johnny Dobbins B/8335**

8. Hearing Date **11/30/07**   Time **1:50 pm**   Place **Kilby**

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

    Signature / Hearing Officer

11. Plea: _Calvin Lee_ Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    Signature / Hearing Officer

ENTERED 12-6-07

Annex C to AR 403 (Page 1 of 5)

13. Arresting Officer's testimony (at the hearing): I want to start out by saying, this inmate worked for me. I've never had any problems with him. The day this happened, I had no idea it happened. The Warden called me and questioned me. I learned that inmate Lee had been out on the yard shouting he wanted to see the Warden. Someone had told him that inmate Lee was cursing at me and that he was inciting a riot. When he asked me if I was writing him up, initially I said no and suggested that who ever told him this should write him up. It wasn't until the next day when inmates came to me and told me what he had done. It was determined then that (cont)

14. Inmate's Testimony: See the attached statement. I went on the yard and said I wanted to see the Warden. I wanted to explain to him that I was wet and cold. Everybody else was saying they wanted to see the Warden. Sgt. Grays came around the building and told everybody that they weren't going to get anywhere like they were acting. She told us we were going to see the Warden. Q: Why were you wet? A: I work on Recycle. I was seated at the table when Lt. Hicks entered the dorm, looking for an article in the newspaper. I was at the (cont)

Witness: Johnny Dobbins, #133351         Substance of Testimony: See attached statement

Witness: Carlton Cook, #175201           Substance of Testimony: See attached statement

Witness: N/A                             Substance of Testimony:

15. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

    _____
    Signature / Hearing Officer

16. The following witnesses were not called  - Reason not called

    1. N/A
    2.
    3.

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: On November 16, 2007, inmate Calvin Lee, BM/152056, was observed on the yard, shouting he wanted to see the Warden after being run outside for the cleaning of the center. Several inmates were gathered around him and they too began to shout they wanted to see the Warden and had to be quieted or quelled by Sgt. Grays. Such action as described in this case is not permitted at FLWRC and constitutes a violation of Rule #53, Inciting to Riot.

18. Basis for Finding of Fact: The Hearing Officer based his findings on the testimony of the Arresting Officer who stated that she had no idea what was going on at the time, it wasn't until she received a telephone call from the Warden that she learned that inmate Lee was on the yard, causing problems. Also both witness statements note that inmate Lee was on the yard stating he wanted to see the Warden and several inmates were gathered.

19. Hearing Officer's Decision: __X__ Guilty  ____ Not Guilty

20. Recommendation of Hearing Officer: (30) days loss of store, visitation and telephone privileges. Does not Earn GT. Refer to Classification for custody review.

    _____
    Signature / Hearing Officer
    Sgt. Nathan Parrish
    Typed Name and Title

21. Warden's Action – Date 12/4/07
    Approved ✓
    Disapproved
    Other (specify)

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the ___ day of December 2007 at (time) ____ (am)/ pm).

    _____          _____
    Signature / Serving Officer / Title          Inmate's Signature and AIS Number 152056

Annex C to AR 403 (Page 3 of 5)

FLWRC 07-548

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name /AIS Number   **Calvin Lee**                    Incident Report No.  **FLYC 00-**

Facility :   **Frank Lee Youth Center**

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:   that inmate Lee was inciting to riot. We had never had a problem. The day before he was in the dining area with his newspapers. I ran him out that day. Q: Did you hear inmate Lee on the yard? A: No, didn't know anything about his actions until I was told by the Warden and several inmates I consider to be confidential informants. Q: Did he appear to be wet on the date of the incident? A: If he was wet, he would have told me he was and I would have allowed him to shower. He never said anything to me.

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:   table in the back of dorm by the heater. Q: Is it your testimony that you were wet? A: Yes. Q: Did you inform Lt. Hicks that you were wet? A: No.

CONTINUED WITNESS TESTIMONY (QBHO): _____

CONTINUED FINDINGS OF FACTS: _____

CONTINUED BASIS FOR FINDING OF FACT: _____

Annex C to AR403 (Page 4 of 5)

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

FLWRC07-548

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: FRANK LEE YOUTH CENTER | Incident Number: FLYC 06- | Class Code: |
|---|---|---|
| Date: | Type of Incident: | |

Narrative Summary (Continued) Page No.

Nov. 25, 2007

I, Johnny Dobbins, 133351, doesn't feel that inmate Kevin Lee wasn't or didn't incited a riot due to point he was trying to get a point across that needed to be address to the Warden and Lt. Hick's due to the point it was harsh temperature's outside that would made him sick also any one the same way. It was below 35° degress and Lt. Hick's kick all the work-release inmate's out the door some had got a job at the chicken plant one inmate walked up to her and said) I got to go to work at 2:00 her response was "Well yall be in before 2:00 P.M." To condemed something from happening, inmate Lee and other's spoke up at the same time about the same thing they well Lt. Hick's just pull inmate Lee well single him out nobody else when everybody was involved's was quick to ship him they should ship all of us if that was the case. The incident happen on Nov. 16th 2007.

My Conclusion work-release is a right not a privelage we as inmate's we as work-release has earned our right to be here we have did everything that the State has require us to do as well as did every thing they had told us to do in order for us to get back to our family's and Lt. Hick did not like that's why they ship him.

They are used to a Level 2 instead of a Level 1.

Date back of Nov. 16th 2007. If it serves me right a root plot's to take over something...

*Johnny Dobbins* (signature)

ADOC Form 302-B – June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT CONTINUATION

FLWRC 07-548

| Institution: **FRANK LEE YOUTH CENTER** | Incident Number: **FLYC 06-** | Class Code: |
| Date: | Type of Incident: | |

Narrative Summary (Continued) Page No.

On friday 16:07, we were told to go outside, the same complaining some one, made statement, look at Lt Hicks setting there with her coat on, and sending us out in the cold. I went out and around side of B dorm, where the sun can hit you and the wind not so bad.

I sat down drinking coffee and smoking and four other guys who transferred here for work release was talking to each other about the cold and working different shifts and being put out in cold. One said he was going to get his Mom to call and complain to the warden.

Then I heard a bunch of noise on other side of A dorm and got up to see what was going on, a bunch of people were saying that they wanted to talk to the warden. Calvin was there saying I want to talk to the warden. I and some others went in the dining room area because some others were there. People were out side the door saying we want to see the Warden. Sgt Gray came in and told every one to settle down, that was no way to act to see the warden, she was going to call him. Lt Hicks came behind and told every one to go out side. There were about 20-25 people in the dining room (not yelling) When we went outside they were about 100-120 say they wanted to see warden. Calvin was saying he want to talk to the warden Sgt Parnah and officer Wise came around from kitchen area and Sgt Gray. She told everyone to quite down that they were not going to get anywhere talking and acting the way they were. Everybody started quiting down. She said the warden was on his way to talk to everyone. While people were waiting they were talking about all the things they needed to bring to the warden's attentions. Calvin walked off to his self and I walked over and ask him what was wrong. He told me he was behind the kitchen and got soaking wet and Lt. Hicks told him to go out side and he told her he was soaking wet and it was cold. He said he wanted to talk to the warden. The count buzzer went off and Lt Hicks announce (Lock down) After they sent Calvin up front. Sgt Gray come to the shift office and was talking to people and I ask her to speak to the warden.

ADOC Form 302-B – June 1, 2005

She ask my name and said she would tell him. The warden came to the back and I ask him could I talk to him, he said

I don't see how Calvin could be charged with anything because he wanted to talk to the warden.

I don't really know how you can see the warden for something important.

The warden hisself has told one of his officers to sent me to see him, and I had to get outside help to see him.

I sent a request and got no answer.

If you ask a officer they want to know what it about and tell you no.

He tells you when he out you can talk to him, but I am like everyone else, how can he remember everything everybody say and he don't write nothing down.

Carlton Cook
#175201
11-25-07

Question's For The Disciplinary Hearing

1. I was not attempting or has ever attempted to incite a riot.
2. LT. Hick's don't I Colvin A. Lee, talk had everytime something is wrong or I have a legitimate complaint. <u>Sometimes</u>
3. LT. Hick's have you had any problem's with Me Colvin A. Lee being cooperative in the past 19 months that I have been assigned at Frank Lee Work-Release. <u>Never had a problem</u>
4. LT. Hick's how would you describe my conduct had this accusation not been mentioned. <u>Good</u>
5. Lt. Hick's am I a threat to you or any other officer at Frank Lee Work-Release. <u>Never had a problem never felt threatened.</u>

Statement: LT. Hick's my opinion of you as a D.O.C. Official is that you are the best one at Frank Lee Work-Release, I think highly of you. And nothing is going to change that. It troubles me, that you would bring these charges of this nature against me. Even though I have implicated you in a 1983 complaint. In all honesty the complaint wasn't filed to harm you. But done in hopes of getting higher Authorities. to issue Memo's and Regulation's. for you to have as a guide line, so that you want have to make judgement calls on critical issue's pretaining to the inmates, here at Frank Lee. It's been an Hanor working so closely with you, This is my Life at risk here. My Mother and Father's Life, my Children and wife. All which is in your hand, I trust that you will do what is desired of God.

6. LT. Hick's this is all just a misunderstanding that in time will work itself out Trust me. i' not fighting you but only a'mpting to reason with you.

Question for the Disciplinary Hearing

7. LT. Hick's Frank Lee Work-Release is operating as 3 different type Institution's isn't it. Work-Release, Honor-Camp. Level of Feeding and School. <u>It's a level 1,2 &4 during feeding never honor camp.</u>

8. LT. Hick's there aren't any Memo's or Regulation's governing exactly what exact procedure's to take, regarding certain situation's. Is this true And because of the different issue presented daily, It is extremely stressful on the D.O.C. Staff. Would you say that because of all this confusion and chaos any incident out of character. Could be easily blown out of proportion or deeded to be determined as something that it's not <u>On this particular day, I called murder & he sold row them out & clean up</u>

9. LT. Hick's on November 16, wasn't you more disappointed with me, because of my Complaining. And wouldn't you say that maybe out of anger, rather than the Inciting a Riot charge. You leveled these charges against me. <u>I was instructed to write you up for #53</u>

10. Due Process Law's require that one accused has a Constitutional Right to Face all his Accuser's. On the Disciplinary Report LT. Hick's states that an Employee observed me inciting a Riot. Who is that Employee and I would Like a Sworn Affidavit of their statement to this Report Also the same Sworn Affidavit of the names of the Inmate's mentioned in the Disciplinary Report. <u>Irrelevent, we don't give names of informants.</u>

11. I have two (2) witness on my behalf, that I would like the Hearing Board to hear, and consider their Statement as to what transpired November 16, 2007 (A) Cochran Cook W/175201, (B) Johnny Dobbins B/133351

12. LT. Hick's how many inmates did you hear or see shouting that they wanted to see the warden. <u>None</u>

13. Request to Amend to these Question's at a Later time.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of Questions and a Statement of Explanation was served on the Disciplinary Hearing Board to be retained on record. This was done the _____ day of _____, 2007.

Respectfully Submitted,

_____
Kilby Corr. Fac.
P.O. Box 150
Mt. Meigs, AL 36057

Also the Accused Calvin M. Lee request that the hearing be postponed until the Court Grant a Writ of Testificandum for the (2) two witnesses to appear at the hearing.

The charge or violation of Rule 53 is without merit. Because to incite a Riot. This has to occur.

incite:   I have to Arouse to action, stir-up. To provoke or urge on
provoke:  To incite to anger. To stir up on purpose.
Riot:     Mean a wild or turbulent disturbance, created by a large number of people.
          (Law) A violent disturbance of the public peace, by three or more persons, assembled for a common purpose
Riot Act: Is if 12 or more pe. to unlawfully assemble and disturb the public peace. They must disperse upon proclamation or be guilty of felony — Read the Riot Act.