IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN ALPHONSE LEE #152056, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. |
| | ) 2:08-CV-18-WKW |
| WARDEN LEVAN THOMAS, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

COMES NOW the Defendant, CORRECTIONAL MEDICAL SERVICES, INC. (hereinafter "CMS") by and through counsel, and for answer to Plaintiff's Complaint and subsequent Amended Complaints, states as follows

### FACTUAL ALLEGATIONS

1. In response to the statements made by Plaintiff in Section I of his original Complaint regarding "previous law suits," CMS denies the allegations in this Section and demands strict proof thereof.

2. In response to Section II of Plaintiff's original Complaint, CMS admits that Plaintiff was incarcerated at the Frank Lee Youth Center at one time, also known as the Frank Lee Work Release Facility ("FLWR"). Except as admitted above, CMS denies each and every remaining allegation in Section II of Plaintiff's original Complaint, and demands strict proof thereof.

{B0847857}

3. In response to Section III of Plaintiff's original Complaint, CMS denies that any of the named Defendants violated Plaintiff's constitutional rights based upon any medical condition suffered by Plaintiff during his incarceration at FLWR.

4. CMS denies the allegations asserted in Section IV of Plaintiff's original Complaint and demands strict proof thereof.

5. In response to the allegations asserted in Section V of Plaintiff's original Complaint and the written narrative attached thereto:

    a. To the extent Plaintiff asserts any claims and/or makes any allegations against the other Defendants (i.e., other than CMS) regarding the terms and conditions of his confinement which do not relate to medical care sought and/or received by him, including, without limitation, any allegations regarding the denial of parole, discrimination related to his assignment to various correctional facilities, his classification and/or decisions pertaining to his classification by the Alabama Department of Corrections and/or any other term or condition of his incarceration, no response is required on the part of CMS. To the extent that Plaintiff intends to assert claims based upon these purported allegations against CMS, CMS denies these allegations and demands strict proof thereof.

    b. CMS denies that it has at any time discriminated and/or retaliated against Plaintiff in any fashion.

    c. CMS denies Plaintiff's allegation that he was "denied adequate treatment" or denied access to any necessary medical treatment of any kind.

{B0847857}

      d.    CMS denies the medical staff at FLWR was improperly or in adequately staffed, as alleged by the Plaintiff.

      e.    CMS denies that Plaintiff was injured in any way as a result of the alleged acts and/or omissions in Section V of his original Complaint.

6.    CMS denies Plaintiff is entitled to any relief including any relief alleged in his original Complaint or subsequent Amended Complaints.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against CMS for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of latches.

### FIFTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

{B0847857}

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction over this dispute.

## EIGHTH DEFENSE

This Court is the improper venue in which to assert this action.

## NINTH DEFENSE

Plaintiff lacks standing to bring this action.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of sovereign immunity.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

{B0847857}

## SIXTEENTH DEFENSE

CMS avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or which CMS is not responsible.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because CMS did not breach any duty allegedly owed to Plaintiff.

## EIGHTEENTH DEFENSE

Plaintiff claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by CMS and the Plaintiff's alleged injuries and damages.

## NINETEENTH DEFENSE

Plaintiff claims are barred because of the existence of superseding, intervening causes.

## TWENTIETH DEFENSE

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against CMS.

## TWENTY-FIRST DEFENSE

Plaintiff has failed to exhaust or attempt to exhaust administrative remedies. 42 U.S.C. § 1997e(a)(2005).

{B0847857}

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(a)(2005).

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A)(2005).

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred because CMS did not act with deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via 42 U.S.C. § 1983.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred because CMS did not act with deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).

### TWENTY-SEVENTH DEFENSE

To the extent Plaintiff seeks to recover any attorney fees, CMS objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims for punitive damages violate CMS's United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### TWENTY-NINTH DEFENSE

CMS adopts and asserts all defenses set forth in the Alabama Medical Liability Act, § 6-5-481 et seq, and § 6-5-542 et seq.

### THIRTIETH DEFENSE

The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amended to 42 U.S.C. § 1997(e)(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F.Supp. 2d 109 (S.D.N.Y. 1999)(claims concerning Defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by the exhaustion requirement).

### THIRTY-FIRST DEFENSE

The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages for the Defendant which is entitled to immunity.

### THIRTY-SECOND DEFENSE

The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e).

{B0847857}

## THIRTY-THIRD DEFENSE

The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmate must follow in filing *informa pauperis* actions in federal court.

## THIRTY-FOURTH DEFENSE

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from Defendants that are entitled to immunity as provided for in 42 U.S.C. § 1997(e)(c).

## THIRTY-FIFTH DEFENSE

CMS asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation, and requests this Court, pursuant to 42 U.S.C. § 1988, to award CMS reasonable attorney fees and costs incurred in the defense of this case.

## THIRTY-SIXTH DEFENSE

The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F.Supp 2d 1252 (D.Kan. 1999).

s/Philip G. Piggott
PHILIP G. PIGGOTT
ASB 4379-P67P
E-Mail: pgp@starneslaw.com

WILLIAM ANTHONY DAVIS, III
ASB#: 5657-D65W
E-Mail: tdavis@starneslaw.com

Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099

Attorneys for Correctional
Medical Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and I hereby certified that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Mr. Calvin Alphonse Lee
AIS#152056
1306 Brooke Avenue
Mobile, AL  36605

Albert Sims Butler, Esq.
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL  36130-1501

William R. Lunsford, Esq.
Maynard, Cooper & Gale
655 Gallatin Street
Huntsville, AL  35801

s/Philip G. Piggott
PHILIP G. PIGGOTT
ASB#: 4379-P67P
E-mail: ppiggott@starneslaw.com

9

{B0847857}